# Exhibit "C"

# Exhibit C-1

11/11/2022 12:24 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 70102635
By: Derrick Abram
Filed: 11/11/2022 12:24 PM

## CAUSE NO. _____

| | | |
|---|---|---|
| KHALED HASSAN | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| vs. | § | _____ JUDICIAL DISTRICT |
| | § | |
| QATAR AIRWAYS | § | HARRIS COUNTY, TEXAS |
| Defendant. | § | |

## PLAINTIFF'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COMES, KHALED HASSAN, hereinafter referred to as "Plaintiff," complaining of and about QATAR AIRWAYS, hereinafter called "Defendant" and for the cause of action shows unto the Court the following:

### DISCOVERY CONTROL PLAN LEVEL

1.     Plaintiff intends that discovery be conducted under Discovery Level 2.

### PARTIES AND SERVICE

2.     Plaintiff, KHALED HASSAN, is an individual who at all material times hereto resides in Harris County, Texas. Plaintiff is represented by the undersigned counsel.

3.     Defendant QATAR AIRWAYS, is a company doing business in the State of Texas. Defendant can be served with a citation with their registered agent CORPORATION SERVICE COMPANY DBA CSC-LAWYERS INCORP located at 211 E. 7th Street, suite 620, Austin, Texas 78701 or wherever they may be found.

### JURISDICTION AND VENUE

4.     The subject matter in controversy is within the jurisdictional limits of this court.

1

5.      This court has jurisdiction over the parties because Defendant transacts and conducts business in the State of Texas.

6.      Venue in Harris County is proper in this cause under §15.002(a)(1) of the *Texas Civil Practice and Remedies Code* because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in this county.

7.      Plaintiff has timely asserted his claim pursuant to the *Texas Civil Practice & Remedies Code*, §16.003.

## FACTS

8.      On or about September 9, 2021, Plaintiff Khaled Hassan was flying in Qatar Airways (Defendant) aircraft en route from Egypt to the United States of America, to land in Houston, Texas, along with his brother Ahmad Hassan. Plaintiff was given food by the Defendant's crew and suddenly he choked on something while eating the food given. Parts of the object were stuck in his throat that was not safe for consumption, and it created bleeding, coughing, and essentially choking hazardously, and miraculously, he survived.

9.      Plaintiff Khaled went to Emergency Room in Houston and found parts of the particle still in his throat, hoping that it would be removed from his throat soon. As a result, Plaintiff sought medical treatments to take care of his health and incurred medical costs, personal injury damages as well as damages to his health.

10.      At the time of the incident, Defendant's employees stood there and did nothing. Defendant did not feel that it was proper to help and assist and provide medical care to Plaintiff.

17.      At the time and on the occasion in question, Plaintiff was an invitee on the premises in question occupied and/or controlled by Defendant. Defendant knew of an unreasonably dangerous condition existing within the food that they served in the airplane, which

2

posed an unreasonable risk of harm to the general public, including Plaintiff, but failed to make it safe or adequately warn him of the condition. Plaintiff was without knowledge of the dangerous food to his health prior to the incident in question.

18.     In the alternative, Plaintiff was an invitee on the premises in question occupied and/or controlled by Defendant. Defendant knew or in the exercise of ordinary care, should have known of an unreasonable dangerous condition existing on the premises, which posed an unreasonable risk or harm to the general public, including Plaintiff, but failed to inspect and make safe or adequately warn him of the condition.

19.     Defendant allowed an unreasonable risk of harm to exist on its premises by failing to discover the unreasonably dangerous condition within the premises, failing to adequately warn of the unreasonably dangerous condition within the premises, and failing to remove the unreasonably dangerous condition from the premises.

20.     The resulting injuries and damages were directly, solely, and proximately caused by the negligent and reckless conduct of Defendant, its agent, and employee(s).

## CAUSES OF ACTION

### I. PREMISES LIABILITY

21.     Defendant was in possession of the premises more specifically the aircraft of Qatar Airways in which Plaintiff was flying to the United States and the food that was served in it. Defendant knew or reasonably should have known of the condition of the premises.

23.     Plaintiff did not have any knowledge of the dangerous condition and could not have reasonably been expected to discover it. Defendant's failure to correct the condition or warn Plaintiff constituted negligence and such negligence was a proximate cause of the occurrence in question and Plaintiff's resulting injuries.

24.     Defendant has a duty to use ordinary care to ensure that the premises did not present a danger to Plaintiff. This duty includes the duty to inspect and the duty to warn or to cure. The defendant breached the duty of ordinary care by:

      a)      failing to inspect and monitor the food;

      b)      failing to keep premises clear of any gathering of hazardous conditions under the circumstances at the time and place of servicing food in the aircraft;

      d)      failing to have a regular inspection of the food;

## II. NEGLIGENCE

27.     Plaintiffs incorporate by reference all other paragraphs of this Complaint as if fully set forth herein. At all times relevant to this action, Defendants had a duty to exercise reasonable care and to comply with the existing standards of care, in their preparation, design, research, development, manufacture, inspection, labeling, marketing, and promotion of the food that they served in their aircraft to their passengers, which Defendants introduced into the stream of commerce, including a duty to ensure that users would not suffer from unreasonable, dangerous or untoward adverse side effects of the food being served.

28. At all times relevant to this action, Defendant had a duty to warn all passengers and consumers of the risks, dangers, and adverse side effects of food being served in their aircraft.

29.     At all times relevant to this action, Defendant knew or reasonably should have known that the food was unreasonably dangerous and defective when given to Plaintiff.

30. Based on what they knew or reasonably should have known as described above, the Defendants deviated from principles of due care, deviated from the standard of care, and were otherwise negligent.

31.    The food Defendant served Plaintiff was a substantial contributing cause of the injuries and damages suffered by Plaintiff.  The injuries and damages suffered by Plaintiff were the reasonably foreseeable results of Defendant's negligence.

32.  Had Defendant performed testing of the food necessary to determine that the food was not harmful and did not contain any foreign object as it did, Plaintiff Hassan would not have developed and suffered the injuries and damages described with particularity, above.

33.    As a direct and proximate cause of Defendant's negligence, Plaintiff suffered, immediate bleeding, choking and pain requiring him to go to the local emergency room immediately after returning to Houston and seek proper medical care to fix his health and not die. Plaintiff will also require future medical care, including physical therapy, pain management, and follow-up to make sure nothing is developing in his body that should not be there from the foreign object being present once in his body from the food that Defendant served him on their aircraft. In addition, Plaintiff has suffered mental distress and anguish, and other damages.

### III. STRICT LIABILITY

34.    Plaintiffs incorporate by reference all other paragraphs of this Complaint as if fully set forth herein. The product (food) defects alleged above were a substantial contributing cause of the injuries suffered by Plaintiff.

35.    Plaintiff will also require future medical care, including physical therapy, pain management, and follow-up to make sure nothing is developing in his body that should not be there from the foreign object being present once in his body from the food that Defendant

served him on their aircraft. In addition, Plaintiff has suffered mental distress and anguish, and other damages.

## BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

36.     Qatar Airways was in full control of the plane. Plaintiff had no choice but to consume the food offered on the plane. Plaintiff choked after consuming the food offered to Plaintiff.  Subject food was not suitable for consumption. Breach of Warranty of Merchantability directly caused damages and injuries to Plaintiff.

## DAMAGES FOR PLAINTIFF KHALED HASSAN

37.     As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff was caused to incur damages in an amount within the jurisdictional limits of this court, and to suffer the following:

    a.    Reasonable medical care and expenses in the past.  These expenses were incurred by Plaintiff for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services in Harris County, Texas;

    b.    Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;

    c.    Physical pain and suffering in the past;

    d.    Physical pain and suffering in the future;

    e.    Physical impairment in the past;

    f.    Physical impairment which, in all reasonable probability, will be suffered in the future;

    g.    Mental anguish in the past;

h.     Mental anguish in the future;

i.     Any other damages that Plaintiff can show entitled to recover. Plaintiff is seeking no more than $500,000.00 for Plaintiff, KHALED HASSAN. Plaintiff reserves his right to amend his petition and seek more or less money depending on the outcome of the discovery process.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, KHALED HASSAN, respectfully prays that Defendant QATAR AIRWAYS, be cited to appear and answer herein and that upon a final hearing of the cause, judgment is entered for Plaintiff against Defendant for damages in an amount within the jurisdictional limits of the Court; exemplary damages, excluding interest, and as allowed by Sec. 41.008, *Chapter 41, Texas Civil Practice and Remedies Code*, together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully submitted,

**MAADANI LAW**

*/s/ Pejman Maadani*
Pejman J. Maadani
SBN: 24052152
6430 Richmond Ave, Ste 480
Houston, Texas 77057
pj@attorneymaadani.com
Telephone: (713) 782-5353
Facsimile: (713) 782-5352
**ATTORNEY FOR PLAINTIFF**

**PLAINTIFF HEREBY DEMANDS TRIAL BY JURY**

7

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

PJ Maadani on behalf of PJ Maadani
Bar No. 24052152
pj@attorneymaadani.com
Envelope ID: 70102635
Status as of 11/11/2022 1:24 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| PJ Maadani | | pj@attorneymaadani.com | 11/11/2022 12:24:32 PM | SENT |

# Exhibit C-2

11/11/2022 12:24:32 PM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 70102635
By: ABRAM, DERRICK A
Filed: 11/11/2022 12:24:32 PM

# Marilyn Burgess

## HARRIS COUNTY DISTRICT CLERK

201 Caroline | P.O. Box 4651 | Houston, Texas 77210-4651 | 832-927-5800 | www.hcdistrictclerk.com

## Request for Issuance of Service

CASE NUMBER: _____    CURRENT COURT: _____

**Name(s) of Documents to be served:** Citation

**FILE DATE:** 11/11/22 Month/Day/Year

**SERVICE TO BE ISSUED ON (Please List Exactly As The Name Appears In The Pleading To Be Served):**

**Issue Service to**: QATAR AIRWAYS

Address of Service: 211 E. 7th Street, suite 620

City, State & Zip: Austin, Texas 78701

Agent (if applicable) CORPORATION SERVICE COMPANY DBA CSC-LAWYERS INCORP

**TYPE OF SERVICE/PROCESS TO BE ISSUED**: (Check the proper Box)

| | | | |
|---|---|---|---|
| XX☐ **Citation** | ☐ **Citation by Posting** | ☐ **Citation by Publication** | ☐ **Citations Rule 106** |
| **Service** | ☐ **Citation Scire Facias** | Newspaper_____ | |
| ☐ **Temporary Restraining Order** | ☐ **Precept** | | ☐ **Notice** |
| ☐ **Protective Order** | | | |
| ☐ **Secretary of State Citation ($12.00)** | ☐ **Capias** (not by E-Issuance) | | ☐ **Attachment** (not by E-Issuance) |
| ☐ **Certiorari** | ☐ **Highway Commission ($12.00)** | | |
| ☐ **Commissioner of Insurance ($12.00)** | ☐ **Hague Convention ($16.00)** | | ☐ **Garnishment** |
| ☐ **Habeas Corpus** (not by E-Issuance) | ☐ **Injunction** | | ☐ **Sequestration** |
| ☐ **Subpoena** | | | |
| ☐ **Other (Please Describe)** _____ | | | |

**(See additional Forms for Post Judgment Service)**

**SERVICE BY** *(check one)*:
☐ **ATTORNEY PICK-UP (phone)** _____    X☐ **E-Issuance by District Clerk**
☐ **MAIL to attorney   at:** _____    **(No Service Copy Fees Charged)**
☐ **CONSTABLE**    *Note*: The email registered with EfileTexas.gov must be
☐ **CERTIFIED MAIL by District Clerk**    used to retrieve the E-Issuance Service Documents.
Visit www.hcdistrictclerk.com for more instructions.

☐ **CIVIL PROCESS SERVER** - Authorized Person to Pick-up: _____    Phone: _____

☐ **OTHER**, *explain* _____

**Issuance of Service Requested By:** Attorney/Party Name:  Pejman Maadani Bar # or ID 24052152

Mailing Address: 6430 Richmond Ave, Ste. 480, Houston, TX  77057

Phone Number: (713) 782-5353

# Exhibit C-3

12/19/2022 11:14 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 71126780
By: Jennifer Ochoa
Filed: 12/19/2022 11:14 AM

Receipt Number: 940008
Tracking Number: 74077188

COPY OF PLEADING PROVIDED BY PLT

CAUSE NUMBER: 202274581

| | |
|---|---|
| PLAINTIFF: HASSAN, KHALED | In the 334th Judicial |
| vs. | District Court of |
| DEFENDANT: QATAR AIRWAYS | Harris County, Texas |

CITATION

THE STATE OF TEXAS
County of Harris

TO: QATAR AIRWAYS BY SRVING ITS REGISTERED AGENT CORPORATION SERVICE COMPANY DBA CSC LAWYERS INCORP

211 E 7TH STREET SUITE 620

AUSTIN TX 78701

OR WHEREVER THEY MAY BE FOUND

    Attached is a copy of PLAINTIFF'S ORIGINAL PETITION.

This instrument was filed on November 11, 2022, in the above numbered and styled cause on the docket in the above Judicial District Court of Harris County, Texas, in the courthouse in the City of Houston, Texas. The instrument attached describes the claim against you.

    YOU HAVE BEEN SUED.  You may employ an attorney.  If you or your attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.  In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit.  These disclosures generally must be made no later than 30 days after you file your answer with the clerk.  Find out more at TexasLawHelp.org.

    ISSUED AND GIVEN UNDER MY HAND and seal of said Court, at Houston, Texas, this November 11, 2022.



*Marilyn Burgess*

Marilyn Burgess, District Clerk
Harris County, Texas
201 Caroline, Houston, Texas 77002

Generated By: DERRICK ABRAM

Issued at request of:
Maadani, Pejman
6430 Richmond Ave, Ste 480-1
Houston, TX  77057
713-782-5353
Bar Number: 24052152

Tracking Number: 74077188

CAUSE NUMBER: 202274581

| | |
|---|---|
| PLAINTIFF: HASSAN, KHALED | In the 334th |
| vs. | Judicial District Court |
| DEFENDANT: QATAR AIRWAYS | of Harris County, Texas |

OFFICER/AUTHORIZED PERSON RETURN

Came to hand at __5__ o'clock _P._ M., on the __15th__ day of __November__, 20 _22_

Executed at (address) _211 E. 7th Street H 620 Austin TX 78701_ in _Travis_ County at _7:06_ o'clock _A._ M., on the __19__ day of _November_, 20 _22_

by delivering to _Qatar Airways by serving Corporation Service Company_ defendant, in person, a true copy of this _By CMRR 7022 0410 0003 3301 4907_ Citation together with the accompanying __1__ copy(ies) of the _Plaintiffs Original_ Petition attached thereto and I endorsed on said copy of the Citation the date of delivery.

To certify which I affix my hand officially this __19th__ day of _December_, 20 _22_.

FEE: $ _80_

_____ of _____

County, Texas _PSC #19969_ _EXP. 6/30/23_ By: _____

_Daisy Garcia_ Affiant

Deputy

On this day, _Daisy Garcia_, known to me to be the person whose signature appears on the foregoing return, personally appeared. After being by me duly sworn, he/she stated that this citation was executed by him/her in the exact manner recited on the return.

SWORN TO AND SUBSCRIBED BEFORE ME on this __19th__ of _December_, 20 _22_

_Carrie M. Dean_
Notary Public

CARRIE MICHELLE DEAN
Notary Public, State of Texas
Comm. Expires 02-01-2026
Notary ID 133563213

# USPS Tracking®

FAQs >

**Tracking Number:**

Remove ✕

## 70220410000333014907

Copy      Add to Informed Delivery (https://informeddelivery.usps.com/)

### Latest Update

Your item was picked up at a postal facility at 7:06 am on November 19, 2022 in AUSTIN, TX 78744.

**Get More Out of USPS Tracking:**

USPS Tracking Plus®

### Delivered

**Delivered, Individual Picked Up at Postal Facility**

AUSTIN, TX 78744
November 19, 2022, 7:06 am

**See All Tracking History**

Feedback

---

Text & Email Updates                                      ⌄

---

USPS Tracking Plus®                                       ⌄

---

Product Information                                       ⌄

**See Less ⌃**

Track Another Package

Enter tracking or barcode numbers

# Exhibit C-4

12/20/2022 1:57 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 71179421
By: Jennifer Ochoa
Filed: 12/20/2022 1:57 PM

### CAUSE NO. 2022-74581

| | | |
|---|---|---|
| **KHALED HASSAN** | § | **IN THE DISTRICT COURT** |
| **Plaintiff** | § | |
| | § | |
| **V.** | § | **334ᵗʰ JUDICIAL DISTRICT** |
| | § | |
| **QATAR AIRWAYS** | § | |
| **Defendant** | § | **HARRIS COUNTY, TEXAS** |

---

### DEFENDANT QATAR AIRWAYS ORIGINAL ANSWER

---

TO THIS HONORABLE COURT:

Defendant, Qatar Airways (hereinafter "Defendant"), files this Original Answer and respectfully shows the Court as follows:

### I. GENERAL DENIAL

Defendant generally denies the allegations against it as contained in Plaintiff's Original Petition and demands strict proof thereof in accordance with Rule 502.5 of the TEXAS RULES OF CIVIL PROCEDURE.

### II. AFFIRMATIVE DEFENSES

Subject to and without waiving the foregoing General Denial, Defendant asserts, pursuant to Rule 94 of the Texas Rules of Civil Procedure, the following affirmative defenses, which shall, singly or in combination, bar Plaintiff's rights to recover, in whole or in part, the relief sought in Plaintiff's Original Petition. To the extent necessary, each of the affirmative defenses set forth below is pleaded in the alternative:

### A.

Pleading additionally and/or in the alternative, Defendant asserts that Plaintiff's damages, if any, were proximately caused, in whole or in part, due to acts or omissions of others, including

---

but not limited to Plaintiff. Any damages Plaintiff may have suffered should be reduced because of Plaintiff's own negligence. However, in the event a finding is made that liability exists on the part of Defendant, Defendant is entitled to indemnity and/or contribution from Plaintiff and/or such third party or parties, in direct proportion to their respective fault.

B.

Pleading additionally and/or in the alternative, Defendant asserts that any damages incurred by Plaintiff was the result of conditions, events, persons, or entities over which Defendant had no control and for which it has no legal liability.

C.

Pleading additionally and/or in the alternative, Defendant asserts that any damages incurred by Plaintiff were neither caused in fact nor proximately caused by any fault, negligence, act, omission, conduct, or breach of duty by or attributable to Defendant.

D.

Pleading additionally and/or in the alternative, Defendant asserts that the damages alleged by Plaintiff were the result of intervening and superseding causes for which Defendant cannot be held liable.

E.

Pleading additionally and/or in the alternative, Defendant asserts that if in the unlikely and unjust event that Plaintiff succeeds in establishing a claim for damages against Defendant, then Defendant is entitled to have (i) causation on responsibility compared, apportioned, or allocated on a percentage basis against all parties, persons, or entities found to be responsible; and (ii) any damages or liabilities reduced or eliminated, in accordance with the applicable law of comparative

responsibility, causation or negligence, including but not limited to, any and all applicable provisions of Chapter 32 and 33 of the Texas Civil Practice and Remedies Code.

F.

Pleading additionally and/or in the alternative, Defendant asserts that if in the unlikely and unjust event that Plaintiff succeeds in establishing a claim for damages against Defendant, then Defendant is entitled to a set-off or credit for all collateral source payments received, or for payments Plaintiff is eligible to receive, and any other monies received by Plaintiff as compensation for any of the claimed damages.

G.

Pleading additionally and/or in the alternative, Defendant denies that Plaintiff is entitled to any relief for any causes of action for which the recovery of attorney's fees are available.

H.

Pleading additionally and/or in the alternative, Defendant pleads that Plaintiff failed to make reasonable efforts to mitigate his damages.

I.

Pleading additionally and/or in the alternative, Defendant pleads the limitations contained in Chapter 41 of the Texas Civil Practice and Remedies Code.

J.

Pleading additionally and/or in the alternative, Plaintiff's Original Petition is barred on the grounds that it fails to state a claim upon which relief can be granted.

K.

Pleading additionally and/or in the alternative, Defendant pleads that Plaintiff's allegations contained in Plaintiff's Original Petition are estopped by contract.

L.

Pleading additionally and/or in the alternative, Defendant pleads that Plaintiff's allegations are barred by equitable estoppel.

M.

Pleading additionally and/or in the alternative, Defendant pleads that Plaintiff's allegations contained in Plaintiff's Original Petition are barred by quasi-estoppel.

N.

Pleading additionally and/or in the alternative, Defendant pleads Plaintiff waived any claim under the contract at issue.

O.

Pleading additionally and/or in the alternative, Defendant pleads Plaintiff's allegations contained in Plaintiff's Original Petition are barred by federal and/or state law.

P.

Pleading additionally and/or in the alternative, Defendant pleads: the transportation out of which the subject matter of this action arose was "international carriage" within the meaning of the treaty of the United States known as the Convention for the Unification of Certain Rules for International Carriage by Air, done at Montreal on 28 May 1999, ICAO Doc. 9740 (entered into force November 4, 2003), reprinted in S. Treaty Doc. 160-45, 1999 WL 33292734 (hereinafter "Montreal Convention"), and the rights of the parties are governed exclusively by the provisions of the said Montreal Convention.

Q.

Pleading additionally and/or in the alternative, Defendant asserts that it is an agency or instrumentality of a foreign state, as defined by 28 U.S.C § 1603(b), and as such, to the extent the

Plaintiff's Original Petition can be read to assert state law claims against Defendant, they are pre-empted by the Montreal Convention and/or federal law, including the Federal Aviation Act of 1958 as amended (49 U.S.C. § 40101 et seq.).

### III. JURY DEMAND

Defendant respectfully requests that a jury be convened to try the factual issues of this case.

### IV. PRAYER

Defendant prays that the Court dismiss this suit or render judgment, that Plaintiff take nothing, assess costs against Plaintiff, and award such other further relief, whether at law or in equity, to which Defendant may be justly entitled.

Respectfully submitted,

*/s/Kristin Newman*
**GEFFREY W. ANDERSON**
State Bar No. 00786980
ganderson@andersonriddle.com
**KRISTIN NEWMAN**
State Bar No. 24102279
knewman@andersonriddle.com
ANDERSON & RIDDLE, L.L.P.
1604 8th Avenue
Fort Worth, Texas 76104
817-334-0059 [Telephone]
817-334-0425 [Facsimile]
ATTORNEYS FOR DEFENDANT

## **CERTIFICATE OF SERVICE**

     I hereby certify that on the 20th day of December, 2022, a true and correct copy of this instrument was served upon all parties of record in accordance with Rule 21a of the TEXAS RULES OF CIVIL PROCEDURE.

Pejman J. Maadani
SBN:  24052152
MAADANI LAW
6430 Richmond Avenue, Suite 480
Houston, Texas  77057
Telephone: (713) 782-5353
Fax: (713) 782-5352
pj@attorneymaadani.com
ATTORNEY FOR PLAINTIFF

                */s/Kristin Newman*
                **Kristin Newman**

# Exhibit C-5

**CAUSE NO. 2022-74581**

| | | |
|---|---|---|
| **KHALED HASSAN** | § | **IN THE DISTRICT COURT** |
| **Plaintiff** | § | |
| | § | |
| **V.** | § | **334th JUDICIAL DISTRICT** |
| | § | |
| **QATAR AIRWAYS** | § | |
| **Defendant** | § | **HARRIS COUNTY, TEXAS** |

## NOTICE OF FILING NOTICE OF REMOVAL

Defendant Qatar Airways ("Defendant"), by and through its undersigned counsel of record, hereby gives notice to the Justice Court as follows:

1.      Defendant has filed a Notice of Removal with the United States District Court for the Southern District of Texas, Houston Division. A copy of the Notice of Removal is attached hereto as Exhibit "A."

2.      Under 28 U.S.C. § 1446, the filing of the Notice of Removal by Defendant in the United States District Court for the Southern District of Texas, Houston Division affects the removal of this action from this Court's jurisdiction, and this Court "shall proceed no further unless and until the case is remanded" by the federal court. 28 U.S.C. § 1446.

Respectfully submitted,

*/s/ Kristin Newman*
Geffrey W. Anderson
Texas Bar No. 00786980
ganderson@andersonriddle.com
Kristin Newman
Texas Bar No. 24102279
knewman@andersonridde.com
ANDERSON & RIDDLE, L.L.P.
1604 8th Avenue
Fort Worth, Texas 76104
(817)334-0059
(817)334-0425
**COUNSEL   FOR   DEFENDANT   QATAR AIRWAYS**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 20th day of December, 2022, a true and correct copy of this instrument was served upon all parties of record in accordance with Rule 21a of the TEXAS RULES OF CIVIL PROCEDURE.

Pejman J. Maadani
MAADANI LAW
6430 Richmond Avenue, Suite 480
Houston, TX  77057
Telephone: (713) 782-5353
Fax: (713) 782-5352
pj@attorneymaadani.com
ATTORNEY FOR PLAINTIFF

*/s/ Kristin Newman*
Kristin Newman

**NOTICE OF FILING NOTICE OF REMOVAL**                                         **PAGE 2**